**Deborah WILLIAMS, Appellant,**

v.

**W. H. "Pete" McCLELLAN, Individually and in his official capacity as Clerk of the United States District Court for the Eastern District of Arkansas, Appellee.**

**No. 77–1714.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1978.
Decided Jan. 25, 1978.

John W. Walker and Henry L. Jones, Jr., Little Rock, Ark., and Jack Greenberg, James M. Nabrit, III, and Eric Schnapper, New York City, filed brief, for appellant.

W. H. Dillahunty, U. S. Atty., Little Rock, Ark., filed brief, for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Deborah Williams, a black woman, was hired as a probationary employee by the defendant who is the Clerk of the United States District Court for the Eastern District of Arkansas. She started work as a docket clerk for United States District Court Judge Terry Shell on November 22, 1976. On April 29, 1977, the defendant told Williams that she would be terminated as of May 20, 1977. On May 13, 1977, Williams filed her complaint requesting an injunction prohibiting her termination and requiring the implementation of criteria in the court's employment process which conform to the Constitution and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On May 19, 1977, Williams was given written notice of her termination and the reasons therefor.[1] Her employment terminated the following day.

---

1. The letter informing Deborah Williams of the termination of her employment as deputy clerk in the office of the Clerk of the United States District Court for the Eastern District of Arkansas gave the following reasons for her discharge: giving untruthful answers to questions at her initial employment interview; intentionally concealing and failing to reveal all the facts

On July 14, 1977, the defendant filed a motion to dismiss Williams' complaint or in the alternative a motion for summary judgment on the grounds that the complaint failed to state a cause of action and the facts asserted did not entitle the plaintiff to relief. That motion was supported by defendant's affidavit. Williams did not respond to the motion. On August 1, 1977, the district court[2] sustained the defendant's motion to dismiss, stating that plaintiff failed to state a claim and under the facts could not state a claim. Plaintiff appeals.

 Williams' contention on appeal is that 42 U.S.C. § 1981 prohibits employment discrimination by the federal government and 28 U.S.C. § 1343(4) gave her a cause of action when the defendant discharged her, allegedly because she is black.

Williams' complaint was filed before she was actually discharged and her requested relief, an injunction against terminating her employment, is now moot. Since she did not amend her complaint nor respond to the defendant's motion to dismiss, we do not believe that the district court erred in dismissing the complaint with regard to the request for injunctive relief. *Cf. Black Unity League v. Miller,* 394 U.S. 100, 89 S.Ct. 766, 22 L.Ed.2d 107 (1969).

 Williams also sought an order requiring the implementation of criteria in the court's employment process that conform with the Constitution and Title VII. Clerical positions such as that occupied by Williams are outside the competitive civil service and therefore are not covered by Title VII. *See* 42 U.S.C. § 2000e–16. Furthermore, the facts alleged do not support a finding of a constitutional violation. Section 751(b) of Title 28 of the United States Code provides:

(b) The clerk may appoint, with the approval of the court, necessary deputies, clerical assistants and employees in such number as may be approved by the Director of the Administrative Office of the United States Courts. Such deputies, clerical assistants and employees shall be subject to removal by the clerk with the approval of the court.

Since positions such as that occupied by Williams are not covered under any merit or civil service system or by employment contracts, persons in those positions have no property interest protected by due process under the Constitution.

The order of the district court is affirmed.

concerning the termination of her employment at Jefferson Hospital and her pending action in federal court against the hospital; failure to have a telephone installed at her residence despite continued requests that she do so; taking annual and sick leave as fast or faster than it had been earned; and other unsatisfactory areas in her work.

2. The Honorable John K. Regan, Senior District Judge for the Eastern District of Missouri, sitting by special assignment.