**Mary G. HARTMAN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 95–3734.

United States Court of Appeals, Federal Circuit.

March 4, 1996.

Mary Green Hartman, Hixson, Texas, submitted Pro Se.

William A. Cardoza, Merit Systems Protection Board, Washington, D.C., submitted for respondent. Of counsel were Kirk T. Manhardt and David M. Cohen, Department of Justice, Washington, D.C.

Before MAYER, PLAGER, and SCHALL, Circuit Judges.

PLAGER, Circuit Judge.

Mary G. Hartman ("Petitioner") appeals the decision of the Merit Systems Protection Board ("Board")[1] dismissing for lack of jurisdiction Petitioner's appeal of her removal from the position of Deputy Clerk at the United States District Court for the Eastern District of Tennessee. We affirm.

### BACKGROUND

Under 5 U.S.C. § 7513, an appeal to the Board is limited to "employee[s] against whom an action is taken under this section." 5 U.S.C. § 7513(d) (1994).[2] The Board found that Petitioner was not an "employee" as defined under 5 U.S.C. § 7511(a)(1), and therefore was not entitled to appeal to the Board under section 7513. Section 7511(a)(1) defines "employee" in relevant part as (1) an individual in the "competitive service" or (2) an individual in the "excepted service" who either is awaiting conversion to the competitive service and is not serving a probationary period, or has completed two years of current continuous service in an Executive agency. 5 U.S.C. § 7511(a)(1). An Executive agency is defined as an "Executive department, a Government corporation, and an independent establishment." 5 U.S.C. § 105. On its face the definition does not include the Judiciary.

The Board found that Petitioner was appointed under 28 U.S.C. § 751(b), which provides:

The clerk may appoint, with the approval of the court, necessary deputies, clerical assistants and employees in such number as may be approved by the Director of Administrative Office of the United States Courts. Such deputies, clerical assistants and employees shall be subject to removal by the clerk with the approval of the court.

28 U.S.C. § 751(b). The Board concluded that Petitioner was employed by the federal Judiciary, not the Executive branch, and therefore did not come within any of the categories covered by the definition of "employee" under 5 U.S.C. § 7511. See *Williams v. McClellan,* 569 F.2d 1031, 1033 (8th Cir.1978) (deputy clerk of district court was outside competitive service and not covered by civil service and merit systems).[3] The Board rejected Petitioner's claim that she was employed by the Administrative Office of the Courts (AO) and thus entitled to appeal her removal to the Board under the Administrative Office of the United States

---

1. Docket No. SL-0752-95-0188-I-1 (June 23, 1995).

2. Unless otherwise noted, all citations are to the 1994 edition of the United States Code.

3. Under 5 U.S.C. § 2102, the competitive service is defined to include "all civil service positions in the executive branch" [with certain exceptions not relevant here], plus certain other positions specifically included in the competitive service by statute. 5 U.S.C. § 2102. Petitioner has not cited, and we have not found, any statute specifically including her position within the competitive service. Accordingly, if Petitioner was not an employee of an executive branch agency, she was not within the competitive service, and could not be an "employee" under section 7511(a)(1)(A). With respect to the excepted service personnel covered as "employees" under section 7511(a)(1)(C), again, Petitioner must either have served in an executive agency or have been appointed to a position pending conversion to the competitive service. Because there is no indication that Petitioner's appointment as deputy clerk was pending conversion to any other position, including a competitive service position, if Petitioner did not serve in an executive branch agency, she was not an "employee" under section 7511(a)(1)(C).

**1380**

Courts Personnel Act of 1990, Pub.L. No. 101–474, 104 Stat. 1097, *codified at* 28 U.S.C. § 602 note (1994) (preserving right of certain AO employees to appeal removals to the Board).

## DISCUSSION

Our review is limited to determining whether the Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Petitioner bears the burden of establishing by a preponderance of the evidence that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2) (1995).

■ On appeal, Petitioner challenges the Board's factual finding that she is an employee of the court and not of the AO. She claims that "[e]mployees in the Clerk's Office have the understanding that they are AO employees. They are not told any different. If they are not, deceptive practice by the employer exists." Petitioner has not demonstrated any "deceptive practice" by the court or the AO, however, and her own misunderstanding concerning the identity of her employer is insufficient to establish any error by the Board. The Board found, and Petitioner does not dispute, that the Notice of Personnel Action documenting her termination indicates that her employer was the Judicial branch. Moreover, the statutes establishing and governing the AO clearly identify deputy clerks as court personnel and not as AO employees. For example, 28 U.S.C. § 604(a)(1) states that the Director of the AO shall "[s]upervise all administrative matters relating to the offices of *clerks and other clerical and administrative personnel of the courts.*" (emphasis added). Similarly, 28 U.S.C. § 604(a)(5) provides that the Director of the AO shall "[f]ix the compensation of *clerks of court, deputies, . . . clerical assistants, and other employees of the courts* whose compensation is not otherwise fixed by law." (emphasis added).

Petitioner has submitted an OMB Direct Deposit Sign–Up Form that lists the AO as the Government agency paying her. The fact that the AO handles Petitioner's pay, however, does not make her an AO employ-

ee. Section 609 of Title 28 states that "[t]he authority of the courts to appoint their own administrative or clerical personnel [for example, under 28 U.S.C. § 751(b) ] shall not be limited by any provisions of this chapter," which include the AO's authority under section 604 to administer the pay of court personnel. Accordingly, we find no error in the Board's conclusion that Petitioner was an employee of the court and not of the AO.

Petitioner claims that she was assigned by one of the district judges to work "for the U.S. Attorney" during her tenure as deputy clerk, implying that she was an employee of the Justice Department, an Executive agency. This claim similarly fails. Petitioner has provided no evidence that her assignment was outside the scope of her duties as Deputy Clerk, or that at some point she terminated her employment with the court and was hired by the Justice Department.

■ Petitioner asserts that the Clerk's office may not remove deputy clerks under 28 U.S.C. § 751(b). This is incorrect; the plain language of the statute authorizes such removal. Moreover, the fact that the AO may require, as Petitioner claims, that removals be performed through "proper procedures" is irrelevant to whether the *Board* has jurisdiction over an appeal of a removal, on procedural grounds or otherwise. The Board's jurisdiction is strictly limited to that provided by statute, rule, or regulation, *Forest v. Merit Sys. Protection Bd.,* 47 F.3d 409, 410 (Fed. Cir.1995), and as shown above, with respect to adverse actions under section 7513, that jurisdiction only encompasses appeals by "employees" as defined in 5 U.S.C. § 7511(a)(1).

■ We affirm, though on a different basis than that cited by the Board, that Petitioner is not entitled to maintain an Individual Right of Action (IRA) before the Board under the whistleblower protection laws. The Board found that because Petitioner was "not an 'employee' under title 5, she may not avail herself of the provisions" of Title 5 authorizing an IRA. We need not determine whether Petitioner is an "employee" for any purpose under Title 5, because, more narrowly, the IRA provisions themselves do not encom-

pass appeals by judicial employees such as Petitioner. Section 1221, "Individual Right of Action in Certain Reprisal Cases," provides:

> an employee, former employee, or applicant for employment may, *with respect to any personnel action taken, or proposed to be taken* ... as a result of a prohibited personnel practice described in section 2302(b)(8) [which prohibits reprisal for whistleblowing], seek corrective action from the Merit Systems Protection Board.

5 U.S.C. § 1221(a) (emphasis added). Section 2302 defines "personnel action" as various types of employment-related actions "with respect to an employee in, or applicant for, a covered position *in an agency*." 5 U.S.C. § 2302(a)(2)(A) (emphasis added). Section 2302 in turn defines an "agency" to mean "an Executive agency and the Government Printing Office," excepting certain Executive branch agencies not relevant here. Federal courts are not "an Executive agency." It follows that the IRA created under section 1221(a), which concerns personnel actions as defined under section 2302, is not available to employees of the Federal courts such as Petitioner.

We conclude, therefore, that Petitioner is not entitled to bring an IRA before the Board. We also agree with the Board that absent an independently appealable action, the Board lacked jurisdiction to hear Petitioner's discrimination claims. *See* 5 U.S.C. § 7702(a); *Brodt v. Merit Sys. Protection Bd.*, 11 F.3d 1060, 1061 (Fed.Cir.1993).

We have considered Petitioner's other arguments and find them to be without merit. Accordingly, the decision of the Board is

**AFFIRMED.**