98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John Paul TURNER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3165.
 United States Court of Appeals, Federal Circuit.
 Sept. 12, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Oct. 29, 1996.
 
 Before ARCHER, Chief Judge, LOURIE, and RADER, Circuit Judges.
 
 DECISION
 PER CURIAM
 
 1
 John P. Turner appeals from the November 24, 1995 decision of the Merit Systems Protection Board (Board), Docket No. DC-3443-96-0104-I-1,[1] dismissing his appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 The Board found that it lacked jurisdiction over Turner's appeal which alleged that several federal and state entities failed to grant him "entry into the Compassionate Investigative New Drug (IND) Program." The Board dismissed Turner's appeal for lack of jurisdiction because Turner failed to demonstrate that he had been subjected to an action appealable to the Board.
 
 
 3
 We affirm the Board's dismissal. The Board's appellate jurisdiction is limited to those matters specifically set forth in statutes or regulations. 5 U.S.C. § 7701(a) (1994). An individual who files an appeal with the Board has the burden of establishing jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (1996). Turner's claim that he was denied entry into the IND program is not a basis for the Board's jurisdiction and Turner's claims of discrimination, absent an otherwise appealable Board action, do not invest the Board with jurisdiction. See Hartman v. Merit Sys. Protection Bd., 77 F.3d 1378, 1380 (Fed.Cir.1996) ("absent an independently appealable action, the Board lacked jurisdiction to hear Petitioner's discrimination claims"). Turner has thus failed to allege any adverse action which, if proven, would authorize the Board to consider his appeal. Therefore, we affirm the decision of the Board dismissing Turner's appeal for lack of jurisdiction.
 
 
 
 [1]
 The November 24, 1995 initial decision of the administrative judge became the final decision of the Board on February 7, 1996 when the Board denied Turner's petition for review