NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3452

EVELYN L. JOHNSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  April 6, 2005

_____

Before NEWMAN, LOURIE, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Evelyn Johnson ("Johnson") seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction her appeal of her removal from the position of Human Resources Coordinator in the Staff Attorneys' Office at the United States Court of Appeals for the Eleventh Circuit.  <u>See</u> <u>Johnson v. Admin. Office of the U.S. Courts</u>, No. AT-0752-03-0934-I-1 (M.S.P.B. July 12, 2004) ("Final Decision").  Because the Board correctly concluded that Johnson did not come

within any of the categories covered by the definition of "employee" under 35 U.S.C. § 7511, we affirm the Board's dismissal of her appeal for lack of jurisdiction.

BACKGROUND

Johnson began her employment at the United States Court of Appeals for the Eleventh Circuit as a Court Secretary. She was subsequently promoted to the position of Human Resources Coordinator in the Staff Attorneys' Office. On June 20, 2003, Johnson was notified of the termination of her position effective June 27, 2003. She filed an appeal of her termination with the Board. Shortly thereafter, she informed the Board that she wished to withdraw the appeal. Her appeal was dismissed on October 9, 2003. See Johnson v. Admin. Office of the U.S. Courts, No. AT-0752-03-0934-I-1 (M.S.P.B. October 9, 2003) ("Initial Decision").

On November 6, 2003, Johnson filed a petition for review of the Initial Decision stating that she wished to reopen her case. The Board denied Johnson's petition for review, vacated the Initial Decision, and dismissed her appeal for lack of jurisdiction in its Final Decision. The Board noted that its jurisdiction was limited to "employees" as defined in 5 U.S.C. § 7511(a)(1) and that Johnson, as an employee of the Judicial Branch of the government, did not meet the definition of "employee" under that section.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A.       Standard of Review

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Hayes v. U.S. Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004). The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

B.       Analysis

The burden of establishing jurisdiction is placed by regulation on the appellant. 5 C.F.R. § 1201.56(a)(2)(i) (2003); McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002). The Board's jurisdiction is strictly limited to that provided by statute, rule, or regulation. 5 U.S.C. § 7701(a) (2000); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). The Board has jurisdiction under 5 U.S.C. § 7513 to hear appeals from removals. The Board's jurisdiction, however, is limited, and "with respect to adverse actions under section 7513, that jurisdiction only encompasses appeals by 'employees' as defined in 5 U.S.C. § 7511(a)(1)." Hartman v. Merit Sys. Prot. Bd., 77 F.3d 1378, 1380 (Fed. Cir. 1996).

The Board correctly identified three ways to meet the statutory definition of "employee" as set forth in 5 U.S.C. § 7511(a)(1). Section 7511(a)(1) defines an

employee, in relevant part, as: (1) an individual in the competitive service who has fulfilled the requisite length of service; (2) a preference eligible individual in the excepted service who has completed one year of current continuous service in the same or similar position in an Executive agency, the United States Postal Service, or the Postal Rate Commission; and (3) a nonpreference individual in the excepted service who has completed two years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to two years or less. 5 U.S.C. § 7511(a)(1)(A)-(C) (2000).

Johnson contends that the Board erred in defining and interpreting "competitive service." We find no error in the Board's interpretation of "competitive service." The term "competitive service" is defined in 5 U.S.C. § 2102 as consisting of, inter alia, "civil service positions not in the executive branch which are specifically included in the competitive service by statute." Id. § 2102(a)(2). The Petitioner has not cited and we have not found any statute that places her position in the competitive service.

Johnson also contends that the Board erred in interpreting "excepted service." Subject to a few exceptions not relevant here, the "excepted service" consists of all civil service positions in an Executive agency. An Executive agency is defined as an "Executive department, a Government corporation, and an independent establishment." Id. § 105. The Board correctly concluded, and Johnson does not dispute, that she was an employee of the Judicial Branch, and not an employee of an Executive agency of the federal government. Accordingly, we agree with the Board that Johnson does not meet the definition of "employee" on this basis.

Johnson finally contends that, because she alleged that her removal was based on discrimination, her case is a "mixed case" within the Board's jurisdiction under 5 U.S.C. § 7702. For the purpose of determining the Board's jurisdiction, the discrimination claims must be made with respect to a personnel action that is otherwise appealable to the Board. Id. § 7702(a); Hartman, 77 F.3d at 1381. Since the Board lacks jurisdiction over personnel actions affecting employees of the Judicial Branch, the Board lacks jurisdiction to hear Johnson's discrimination claims as well.

Accordingly, the Board did not err as a matter of law in concluding that it lacked jurisdiction to consider Johnson's petition.