# United States Court of Appeals for the Federal Circuit

05-3203

FRANCES H. THOMPSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Frances H. Thompson, of Fort Washington, Maryland, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were Martha B. Schneider, General Counsel, and Rosa Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3203

FRANCES H. THOMPSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  January 3, 2006

_____

Before NEWMAN, LOURIE, and SCHALL, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Frances H. Thompson appeals the dismissal of her appeal for lack of jurisdiction.[1]

Ms. Thomson was an employee within that part of the judicial branch whose employees

have not been placed within the statutory jurisdiction of the Merit Systems Protection

---

[1]     <u>Thompson v. Admin. Office of the U.S. Courts</u>, No. DC0752040704-I-1 (M.S.P.B. October 14, 2004) (initial decision); (M.S.P.B. May 12, 2005) (final decision).

Board. Her prior employment within the executive branch does not provide the absent jurisdiction. The dismissal of her appeal is affirmed.

DISCUSSION

Ms. Thompson was employed as a personnel specialist from December 4, 1989 to March 3, 1995 by the United States Probation Office of the Federal Courts in the District of Columbia, a part of the judicial branch. Prior to holding this position, Ms. Thompson was employed in a personnel position from 1983 TO 1989 with the Department of Justice, a part of the executive branch. The Probation Office terminated Ms. Thompson's employment on March 3, 1995, on the ground of "lack of funds." She appealed to the MSPB on August 2, 2004, asserting several wrongs by the agency. The Board ordered Ms. Thompson to show that she was an "employee" with right of appeal to the Board, as set forth in 5 U.S.C. §7511(a)(1) (2000).[2] Ms. Thompson responded that jurisdiction attached because of her previous employment in a similar position with the executive branch.

Pursuant to 5 U.S.C. §7513(d), the MSPB is authorized to receive appeals for "employees" in the following categories:

> **5 U.S.C. §7511(a)(1)** "employee" means
> **(A)** an individual in the competitive service --
>> **(i)** who is not serving a probationary or trial period under an initial appointment; or
>> **(ii)** who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;
> **(B)** a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions --
>> **(i)** in an Executive agency; or

---

2      The agency had also raised the issue of untimeliness, a ground not reached by the Board.

05-3203                                          2

> **(ii)** in the United States Postal Service or Postal Rate Commission; and
>
> **(C)** an individual in the excepted service (other than a preference eligible) --
>
> > **(i)** who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
> >
> > **(ii)** who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

The terms "competitive service" and "excepted service" are limited, with a few exceptions, to positions in the executive branch. 5 U.S.C. §2102(a). <u>See</u> <u>Hartman v. Merit Sys. Prot. Bd.</u>, 77 F.3d 1378, 1380-81 (Fed. Cir. 1996) (judicial branch employee has no right of appeal to the MSPB). Ms. Thompson was an employee of the district court, although her employment papers and pay are identified as originating with the Administrative Office. Applying <u>Hartman</u>, 77 F.3d at 1380, she has no right to appeal to the MSPB.

Ms. Thompson argues that she comes within subsection (C)(ii), <u>supra</u>, because she served for more than two years in an Executive agency before her employment in the judicial branch. However, that is not the agency from which she was terminated. The statute cannot reasonably be read to provide ineligible employees of the judicial branch with MSPB appeal rights because of earlier service in the executive branch.

The dismissal for lack of jurisdiction is

<u>AFFIRMED</u>.