# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SIMON CHARLES BUNCE,    :

           :

  Plaintiff,      :   Civil Action No.:  14-2222 (RC)

           :

  v.        :   Re Document Nos.: 2, 6, 18, 20

           :

COMPUTER SCIENCES    :

CORPORATION, *et al*.     :

           :

  Defendants.     :

## MEMORANDUM OPINION

### GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING AS MOOT PLAINTIFF'S MOTION TO CONFER AND MOTION FOR LEAVE FOR WITNESSES TO APPEAR IN PERSON

## I. INTRODUCTION

Plaintiff, Mr. Simon Bunce, proceeding *pro se*, brought this action against Defendants Computer Sciences Corporation ("CSC") and International Business Machines Corporation ("IBM") under the Whistleblower Protection Act. CSC and IBM have each moved to dismiss the claims against them, arguing that this Court lacks subject-matter jurisdiction over the case. Mr. Bunce has filed a motion to confer and a motion for leave for witnesses to appear in person.

Upon consideration of the parties' filings, and for the reasons explained below, the Court will grant both motions to dismiss without prejudice. Because the Court dismisses the complaint, it denies as moot Mr. Bunce's motion to confer and his motion for leave.

## II. FACTUAL BACKGROUND

Mr. Bunce is a former civil employee of the British Ministry of Defense. Compl. at 3, 6, ECF No. 1. He claims that on November 24, 2012, he reported to his superior that British Army Colonel James Henry O'H Pollock ("Col. Pollock") had allegedly entered into, or facilitated, two

contracts on behalf of the Ministry of Defense for "direct personal financial gain." Compl. at 1.[1]

Mr. Bunce alleges that the first contract was executed with CSC in April 2003 and that the second contract was with IBM UK Limited, a subsidiary of IBM. *Id.* No date is given for the contract with IBM UK Limited. *See id.* at 1. Mr. Bunce further claims that, as a result of his "disclosure" of the "corrupt contracts," Col. Pollock "illegally dismissed [Mr. Bunce] from [his] crown established military civil service position." *See id.* at 1.

On December 31, 2014, Mr. Bunce filed his complaint in this Court. *See id.* at 1.[2] The Civil Cover Sheet accompanying the complaint states the cause of action is being brought under "Section 1221 (e)(2) of title 5, USC." *See* Civil Cover Sheet at 2, ECF No. 1-1. The initial complaint sought unspecified "whistleblower relief," Compl. at 2, but Mr. Bunce later clarified, in his response to Defendants' motions to dismiss, that he seeks damages of $4.5 billion dollars, *see* Pl.'s Resp. Mot. Dismiss at 2, ECF No. 16.

After receiving the complaint, CSC and IBM each moved to dismiss the case, arguing, *inter alia*, that this Court lacks subject-matter jurisdiction. *See* Def. CSC's Mot. Dismiss, ECF No. 2; Def. IBM's Mot. Dismiss, ECF No. 6. The Court advised Mr. Bunce of his obligation to respond to the motions by March 25, 2015, or risk conceding the issue. *See Fox/Neal* Order, February 23, 2015, ECF No. 7. Mr. Bunce responded on March 2, 2015. *See* Pl.'s Resp. Mot. Dismiss. He subsequently filed a motion to confer and a motion requesting leave for two

---

[1] In a document titled "Statement," attached to the complaint, Mr. Bunce alternatively states that the date of his report was January 15, 2013. Compl. at 8. The discrepancy in the date is immaterial to the analysis of this case.

[2] The signatures on the complaint documents, including the civil cover sheet, are dated May 5, 2014; however, the documents were received and entered by the Clerk of the Court on December 31, 2014. *See* Compl. at 2; Civil Cover Sheet at 2.

witnesses to appear in person.  *See* Pl.'s Mot. Confer, ECF No. 18; Pl's Mot. for Leave to Appear, ECF No. 20.

### III.  LEGAL STANDARD

#### A.  Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction . . . .  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  Thus, to survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff bears the burden of establishing that a court has jurisdiction over his claim.  *See Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007).   In determining whether jurisdiction exists, a court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta,* 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

A *pro se* complaint, moreover, is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even *pro se* litigants "must comply with the Federal Rules of Civil Procedure." *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987).  Moreover, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  If there is no jurisdictional basis for the cause of action in this Court, the complaint must be dismissed.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *accord* Fed. R. Civ. P. 12(h)(3).

## IV. ANALYSIS

Defendants CSC and IBM both contend that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* CSC's Mem. Supp. Mot. Dismiss at 10–11; IBM's Statement Supp. Mot. Dismiss at 5–7. In his response to the motions to dismiss, Mr. Bunce offers only conclusory statements refuting Defendants' arguments and asserting that jurisdiction is proper. *See* Pl.'s Resp. Mot. Dismiss. The Court, however, has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F. Supp. 2d 9, 13 (D.D.C. 2001); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (explaining that courts must raise jurisdictional issues *sua sponte*).

Here, Mr. Bunce alleges only a single cause of action, namely, an individual right of action under 5 U.S.C. § 1221, a provision of the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (1989) (codified in scattered sections of 5 U.S.C.). *See* Civil Cover Sheet at 2.[3] Mr. Bunce appears to claim that his termination was retaliation against him for "blowing the whistle." *See* Compl. at 1.

The Court recognizes that an individual remedy for retaliation for whistleblowing is provided by federal law in appropriate cases. *See* 5 U.S.C. § 1221(a). This remedy, however, is available only to "an employee, former employee, or applicant for employment" of the United States. *Id; see also* 5 U.S.C. § 2105(a)*.* In this case, Mr. Bunce has claimed to only be a former employee of the British Ministry of Defense. *See* Compl. at 3, 6. He is neither a U.S. federal

---

[3] To be precise, the complaint cites 5 U.S.C. § 1221(e)(1). This provision is actually an affirmative defense for a claim of retaliation under the WPA. However, because *pro se* complaints should be construed liberally, the Court interprets the complaint as bringing a cause of action under 5 U.S.C. § 1221 generally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

employee, nor a former U.S. federal employee, nor an applicant for U.S. federal employment and thus is not entitled to those rights granted under the WPA. *See, e.g.*, *Ho v. United States*, 49 Fed. Cl. 96, 106 (2001) *aff'd*, 30 F. App'x 964 (Fed. Cir. 2002) (explaining that a contractor who was not a direct employee of the U.S. federal government is not entitled to protection under the WPA); *see also* 5 U.S.C. § 2105(a) (defining "employee" for the purposes of Title 5). Further, claims of retaliation under 5 U.S.C. § 1221 may be brought only against federal executive agencies. *See* 5 U.S.C. § 2302(a)(2)(C) (defining the agencies subject to the WPA); *see also Hartman v. Merit Sys. Prot. Bd.*, 77 F.3d 1378, 1381 (Fed. Cir. 1996) (holding that 5 U.S.C. § 1221 is applicable only to federal executive agencies and the Government Publishing Office). Defendants CSC and IBM, as private corporations, are not subject to this provision. Accordingly, Mr. Bunce cannot invoke the Whistleblower Protection Act.

Even if Mr. Bunce was entitled to the protection of the WPA, the D.C. Circuit has consistently held that federal district courts lack jurisdiction over whistleblower claims brought under the WPA. *See Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) ("Under no circumstances does the WPA grant [a federal] District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance."); *see also Hubbard v. EPA*, 809 F.2d 1, 5 (D.C. Cir. 1987) (finding that "Congress specifically chose to oust the district courts of jurisdiction to review government personnel practices" such as whistleblower causes of action). This Court is bound by the statutory limits on its jurisdiction and finds it does not have subject-matter jurisdiction over this case. Therefore the complaint must be dismissed.[4]

---

[4] Because the Court finds it lacks subject-matter jurisdiction, the Court need not address Defendants' additional argument that the Court lacks personal jurisdiction. Where multiple jurisdictional questions are raised, "a court may inquire into [any] and, finding [jurisdiction] lacking, dismiss the matter without reaching the other[s]." *Moms Against Mercury v. Food &*

## V. CONCLUSION

For the foregoing reasons, Defendant CSC's motion to dismiss (ECF No. 2) and Defendant IBM's motion to dismiss (ECF No. 6) are both **GRANTED**. Because the Court dismisses this action, Mr. Bunce's motion to confer (ECF No. 18) and motion for leave (ECF No. 20) are **DENIED AS MOOT**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 7, 2015                                                                 RUDOLPH CONTRERAS
                                                                                                    United States District Judge

---

*Drug Admin.*, 483 F.3d 824, 826 (D.C. Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)).

Similarly, the Court does not reach Defendants' Rule 12(b)(6) argument that the complaint fails to state a claim or that Mr. Bunce failed to properly effect service on Defendants.