UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
2017 MSPB 1

Docket No. SF-0752-15-0165-M-1

**Harris L. Winns,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

January 4, 2017

Harris L. Winns, San Jose, California, pro se.

Nina Paul, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1 This appeal is before the Board after the U.S. Court of Appeals for the Federal Circuit granted the Board's request to remand the case to the Board for further consideration. Except as expressly MODIFIED by this Opinion and Order to supplement the administrative judge's jurisdictional analysis, we AFFIRM the initial decision, issued in MSPB Docket No. SF-0752-15-0165-I-1, dismissing the appeal for lack of jurisdiction.

## BACKGROUND

¶2 The agency employed the preference‑eligible appellant in a series of four temporary, time-limited appointments, beginning on December 3, 2011. *Winns v.*

*U.S. Postal Service*, MSPB Docket No. SF-0752-15-0165-I-1, Initial Appeal File (IAF), Tab 8 at 5, Tab 10 at 1, Tab 14 at 22-28. Each appointment was for less than a year, and they were separated by a break in service of at least several days. IAF, Tab 14 at 22-28. Most recently, on February 6, 2014, following a 5-day break in service, the agency appointed the appellant to a temporary Postal Support Employee position. *Id*. at 22-23. Approximately 9 months later, before that appointment expired, the agency terminated the appellant's employment for alleged misconduct.[1] *Id*. at 40, 51.

¶3        The appellant filed a Board appeal challenging his termination, and alleged, among other things, that he was terminated in retaliation for whistleblowing. IAF, Tab 1, Tab 12 at 24-26. He did not request a hearing. IAF, Tab 1 at 2. Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 23, Initial Decision (ID). He found that the Board lacks jurisdiction over the appeal because the appellant failed to raise a nonfrivolous allegation that he had completed 1 year of current continuous service at the time that he was terminated. ID at 3-4. He further found that the Board lacks jurisdiction over the appellant's claims of whistleblower retaliation because U.S. Postal Service employees are not entitled to seek corrective action under 5 U.S.C. § 1221.[2] ID at 4.

---

[1] The agency issued the appellant two separate termination notices based on different alleged misconduct. IAF, Tab 14 at 40-43, 51-54. In the first notice, the agency stated that the appellant would be separated effective November 7, 2014. *Id*. at 51. In the second notice, the agency stated that he would be separated effective November 30, 2014. *Id*. at 40. It is not clear precisely when the appellant was separated from the agency, but there is no suggestion that it was not in or around November 2014.

[2] The administrative judge also found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claims of discrimination and retaliation for prior equal employment opportunity and union activities. ID at 4-5; *see* IAF, Tab 1 at 4-9, Tab 5 at 7-8, 14-20.

¶4 The appellant filed a petition for review of the initial decision. *Winns v. U.S. Postal Service*, MSPB Docket No. SF-0752-15-0165-I-1, Petition for Review (PFR) File, Tab 1. In pertinent part, for the first time on review, the appellant argued that, although he held the appointment from which he was terminated for less than a year, and had been appointed to the position following a break in service, he nevertheless had Board appeal rights under the "continuing employment contract" theory set forth in *Roden v. Tennessee Valley Authority*, 25 M.S.P.R. 363, 367-68 (1984). PFR File, Tab 1 at 13-14. In a May 7, 2015 Final Order, the Board denied the appellant's petition for review, without addressing his arguments regarding *Roden*. *Winns v. U.S. Postal Service*, MSPB Docket No. SF-0752-15-0165-I-1, Final Order (May 7, 2015) (Final Order); PFR File, Tab 8.

¶5 The appellant appealed the Board's decision to the Federal Circuit. *Winns v. Merit Systems Protection Board*, MSPB Docket No. SF-0752-15-0165-L-2, Litigation File (LF), Tab 3. The Federal Circuit granted the Board's request to remand the appeal to the Board to consider whether *Roden* was still good law, and if so, whether it would alter the Board's determination that it lacks jurisdiction over this appeal. *Winns v. Merit Systems Protection Board*, No. 2016-1206, slip op. (Fed. Cir. Apr. 25, 2016); LF, Tab 8 at 1-5, Tab 11.

¶6 On remand, the Board issued an order directing the parties to address whether *Roden* should be overruled in light of 5 C.F.R. § 752.402, a regulation promulgated by the Office of Personnel Management (OPM) after *Roden* was issued, which defines the term "current continuous employment." *Winns v. U.S. Postal Service*, MSPB Docket No. SF-0752-15-0165-M-1, Remand File (RF), Tab 2. Both parties responded to the show cause order. RF File, Tabs 5-6.

## ANALYSIS

¶7 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction.[3]  5 C.F.R. § 1201.56(b)(2)(i)(A).

¶8        Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action to the Board.  *See* 5 U.S.C. §§ 7511(a)(1), 7513(d); *Mathis v. U.S. Postal Service*, 865 F.2d 232 (Fed. Cir. 1988).  Pursuant to 5 U.S.C. § 7511(a)(1)(B), which concerns preference-eligible employees in the excepted service, an employee with the right to appeal to the Board includes a preference‑eligible U.S. Postal Service employee who has completed "1 year of current, continuous service" in the same or similar positions.[4]  5 U.S.C. § 7511(a)(1)(B)(ii); *see* 5 U.S.C. §§ 7511(b)(8); *Mathis*, 865 F.2d at 232-33.  We agree with the administrative judge that the dispositive issue in the instant appeal is whether the appellant completed 1 year of "current continuous service" at the time of his termination.[5]  ID at 3-4.

¶9        Title 5 does not define "current continuous service."  In *Roden*, the Board found that a preference-eligible employee who held a series of five temporary appointments to the same position, separated by short breaks in service,

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[4] Employees of the U.S. Postal Service also may appeal adverse actions to the Board under 5 U.S.C. chapter 75 if they are management or supervisory employees, or employees engaged in personnel work in other than a purely nonconfidential clerical capacity.  5 U.S.C. § 7511(b)(8); 39 U.S.C. § 1005(a)(4)(A)(ii)(I); *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).  The appellant has not alleged, and the record does not reflect, that he was employed in any of these capacities.  IAF, Tab 14 at 22-28.

[5] The administrative judge did not make findings regarding whether the appellant's positions with the agency were the same or similar, and we find it unnecessary to do so here, having found that the Board lacks jurisdiction over the appeal on the ground that the appellant did not have 1 year of current continuous service at the time of his termination.

established jurisdiction over his termination appeal, even though he held the appointment from which he was terminated for less than a year. *Roden*, 25 M.S.P.R. at 364, 367-68. The Board found that, even assuming that section 7511(a)(1)(B) generally excluded service that was interrupted by a break in service of 2 workdays, it was obligated to look beyond the form of statutory and other provisions, and to determine the purpose which these provisions were intended to serve. *Roden*, 25 M.S.P.R. at 367. The Board found that, under the circumstances at issue, the agency had effectively entered into a continuing employment contract with the employee, and therefore, despite several breaks, his service was "continuous" within the meaning of section 7511(a)(1)(B). *Roden*, 25 M.S.P.R. at 368. Having resolved the appeal on other grounds, the Board declined to address whether guidance in versions of OPM's Federal Personnel Manual (FPM) in effect at the time interpreted the "current continuous service" requirement in section 7511(a)(1)(B) as precluding breaks in service of a workday.[6] *Roden*, 25 M.S.P.R. at 365 n.3, 367.

¶10    Approximately 3 and a half years after the Board issued *Roden*, OPM promulgated 5 C.F.R. § 752.402, a regulation that defines "current continuous employment." *See* Adverse Actions, 53 Fed. Reg. 21,619-01, 21,620 (June 9, 1988); *see also Wilder v. Merit Systems Protection Board*, 675 F.3d 1319, 1322 (Fed. Cir. 2012). Although 5 C.F.R. § 752.402 refers to "current continuous employment," rather than "current continuous service," the appellant does not

_____

[6] The relevant versions of the FPM contained seemingly conflicting guidance regarding this issue. In pertinent part, the 1980 version of the FPM stated, "[c]urrent continuous employment in a position outside the competitive service may be either employment in one position without a break of a workday or employment in more than one position in the same line of work without a break of a workday." *Roden*, 25 M.S.P.R. at 365 n.3. However, the same section also stated that "employment is credited for this purpose in the same manner that it is credited toward completion of a probationary period," which would permit a break in service of up to 30 days. *Id*. at 365 & n.3. In 1984, the FPM was revised to clarify that the 30-day criterion applied to the excepted service, as well as the competitive service. *Id*. at 365.

dispute that the regulation was enacted to implement 5 U.S.C. chapter 75, and applies to 5 U.S.C. § 7511(a)(1)(B).[7] RF, Tab 6; *see also Wilder*, 675 F.3d at 1322 n.1; Other Than Full-Time Career Employment and Adverse Actions, 52 Fed. Reg. 9,867-01, 9,867-68 (Mar. 27, 1987).

¶11 In its current iteration, 5 C.F.R. § 752.402 provides that "[c]urrent continuous employment means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday."[8] The regulation does not provide for an exception to the requirement that the service be without a break of a workday in the cases of a "continuing employment contract," or any other circumstances. *See* 5 C.F.R. § 752.402.

¶12 In OPM's published response to comments regarding 5 C.F.R. § 432.103, a proposed regulation pertaining to performance-based actions under 5 U.S.C. chapter 43, OPM made clear that 5 C.F.R. § 752.402 precludes the "continuing employment contract" theory set forth in *Roden*. *See* Reduction in Grade and Removal Based on Unacceptable Performance, 54 Fed. Reg. 26,172-01, 26,174 (June 21, 1989). A union recommended that OPM revise the proposed definition of "current continuous employment" in 5 C.F.R. § 432.103, which was substantially similar to the definition in 5 C.F.R. § 752.402, to provide for a continuing employment contract theory, consistent with *Roden*. *See* Reduction in

[7] Prior to the enactment of the 1990 Civil Service Due Process Amendments, Pub. L. No. 101-376, 104 Stat. 461, 5 U.S.C. § 7511(a)(1)(A), a provision of section 7511(a)(1) not at issue in the instant appeal referred to "current continuous employment," rather than "current continuous service." *See* Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111; *Wilder*, 675 F.3d at 1322 n.1.

[8] At the time that 5 C.F.R. § 752.402 was promulgated, the regulation defined "current continuous employment" as "a period of employment or service immediately preceding an adverse action in the same or similar positions without a break in Federal civilian employment of a workday." *See* Adverse Actions, 53 Fed. Reg. 21,619-01, 21,623 (June 9, 1988). In a 2008 amendment to 5 C.F.R. § 752.402, OPM deleted the reference to "the same or similar positions." *See* Career and Career-Conditional Employment and Adverse Actions, 73 Fed. Reg. 7,187-01, 7,188 (Feb. 7, 2008).

Grade and Removal Based on Unacceptable Performance, 54 Fed. Reg. 26,172-01, 26,174 (June 21, 1989). OPM declined to do so, explaining that its FPM guidance in effect at the time that *Roden* was issued:

> was superseded by [5 C.F.R. § 752.402[]] which became effective on July 11, 1988. The regulation makes clear that OPM's policy governing the computation of current continuous employment allows for no break in Federal civilian employment. Since the definition suggested by the union for Part 432 is not consistent with established policy, OPM has not adopted the suggestion.[9]

*Id*. Thus, under 5 C.F.R. § 752.402, neither the employee's service in *Roden*, nor the appellant's service at issue in the instant appeal, qualify as "current continuous service."

¶13      Congress has expressly authorized OPM to prescribe regulations implementing 5 U.S.C. chapter 75. 5 U.S.C. § 7514; *Wilder*, 675 F.3d at 1322. For this reason, and because OPM promulgated 5 C.F.R § 752.402 following notice and comment procedures, we review OPM's interpretation of section 7511(a)(1)(B) under the 2‑step analytical framework articulated in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842–43 (1984). *See Wilder*, 675 F.3d at 1322; *Jonson v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 454, ¶ 15 (2015); *Preyor v. U.S. Postal Service*, 83 M.S.P.R. 571, ¶ 11 (1999). First, we must determine "whether Congress has directly spoken to the precise question at issue"; if so, we "must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. If the statute is silent or ambiguous concerning the question at issue, the inquiry proceeds to an analysis of whether the agency's

---

[9] OPM also erroneously stated that the Board decision in *Roden* "was based, in large part" on the guidance in the FPM. *Id.* In fact, as discussed previously, in *Roden*, the Board declined to address whether to afford deference to the FPM guidance. 25 M.S.P.R. at 365 & n.3, 367. However, this error is of no consequence because the pertinent inquiry is OPM's interpretation of section 7511(a)(1)(B), the relevant statute, not OPM's interpretation of the Board's rationale for its decision in *Roden*.

interpretation is based on a permissible construction of the statute. *Id*. at 843. If so, the Board must defer to the agency's interpretation. *Id*.; *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶ 26 (2013).

¶14 The fact that title 5 does not define "current continuous service," standing alone, does not necessarily render the statute silent or ambiguous. *See Gardner v. Brown*, 5 F.3d 1456, 1459 (Fed. Cir. 1993) (finding that "Congress is not required to define each and every word in a piece of legislation in order to express clearly its will"), *aff'd*, 513 U.S. 115 (1994). The Board may refer to dictionary definitions to determine the ordinary meaning of an undefined statutory term. *See Information Technology & Applications Corporation v. United States*, 316 F.3d 1312, 1320 (Fed. Cir. 2003). The Merriam Webster Collegiate Dictionary defines "continuous" as "marked by uninterrupted extension in space, time, or sequence." Merriam Webster Collegiate Dictionary 250 (10th ed. 2002). Similarly, Webster's II New Riverside University Dictionary defines "continuous" as "uninterrupted" or "unbroken." Webster's II New Riverside University Dictionary 305 (1984). Thus, the ordinary meaning of "current continuous service" appears to preclude breaks in service.

¶15 Moreover, the legislative history of the Civil Service Reform Act of 1978 (CSRA), which enacted 5 U.S.C. chapter 75, does not preclude the Board from interpreting the phrase "current continuous service" in section 7511(a)(1)(B) according to its plain meaning. *See* S. Rep. No. 95-969 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723; H.R. Conf. Rep. 95-1717 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2860; *see also Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 7 (2016) (finding that, when statutory language is clear, it must control absent clearly expressed legislative intent to the contrary). Instead, the Senate Committee Report states that "[t]he phrase 'one year of current continuous service . . . ,' which defines the extent of coverage of employees in the excepted service, is intended to be the same as that currently used in civil service regulations." S. Rep. No. 95-969, *reprinted in* 1978 U.S.C.C.A.N. 2723, 2770.

At the time that the CSRA was enacted, although the civil service regulations themselves did not define "current continuous service," the meaning of that phrase, as used in those regulations, was set forth in the 1978 version of the FPM, which provided:

> Current continuous employment in a position outside the competitive service may be either (i) employment in one position without a break of a workday or (ii) employment in more than one position in the same line of work without a break of a workday.

*Mathis*, 865 F.2d at 234; *Weinberger v. U.S. Postal Service*, 4 M.S.P.R. 330, 332 (1980).  Thus, interpreting the "current continuous service" requirement in section 7511(a)(1)(B) in accordance with the plain meaning of the term "continuous" appears consistent with the intent of Congress.

¶16    Even if we were to find that Congress had not expressed its intent on this matter, however, or that its purpose and intent is unclear, we would find that OPM's interpretation in 5 C.F.R. § 752.402 is based on a permissible construction of the statute and afford *Chevron* deference to it.[10]  As the agency charged with promulgating regulations to implement 5 U.S.C. chapter 75, OPM's interpretation of a statutory term governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the Board.  *See Entergy Corporation v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009); *Day*, 119 M.S.P.R. 589, ¶ 26.  Here, because OPM's definition of "current continuous service" is in accordance with the plain meaning of "continuous" and the legislative history of the CSRA, we find that it is both reasonable and consistent with the statute.[11]

---

[10] In contrast, OPM's FPM guidance in effect during the time period at issue in *Roden* was not subject to notice and comment rulemaking, and would not be afforded *Chevron* deference.  *See Knapp v. Department of Commerce*, 24 M.S.P.R. 605, 609 n.2 (1984).

[11] We have considered the appellant's argument that the definition of current continuous employment in 5 C.F.R. § 752.402 is unreasonable because it differs from the 30-day break in service permitted for purposes of tacking on prior service to complete a

¶17    In addition, *Roden* was incorrectly decided to the extent that it found that an appellant can establish Board jurisdiction based on a "continuing employment contract" theory, regardless of whether he falls within the definition of an employee with Board appeal rights under the applicable statute. *See Roden*, 25 M.S.P.R. at 367-68. "The Board's jurisdiction is strictly limited to that provided by statute, rule, or regulation," and with respect to adverse action appeals under 5 U.S.C. chapter 75, "that jurisdiction only encompasses appeals by 'employees' as defined in section 7511(a)(1)." *Hartman v. Merit Systems Protection Board*, 77 F.3d 1378, 1380 (Fed. Cir. 1996). The parties cannot confer jurisdiction by a contract or agreement where none otherwise exists. *See Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 9 (2004).

¶18    For the reasons set forth above, we overrule the Board's decision in *Roden*. Further, we overrule subsequent decisions relying on *Roden* to find that an appellant may establish "current continuous service" for purposes of section 7511(a)(1)(B) under a "continuing employment contract" theory, despite a break in service of a workday, including: *Melvin v. U.S. Postal Service*, 79 M.S.P.R. 372, ¶¶ 5-6 (1998); *Bradley v. U.S. Postal Service*, 69 M.S.P.R. 595, 597-99 (1996); and *Hayes v. U.S. Postal Service*, 36 M.S.P.R. 622, 625 (1988).[12]

¶19    Finally, we discern no basis to disturb our findings in the prior final order that: (1) the Board otherwise lacks jurisdiction over the appeal under 5 U.S.C. chapter 75; (2) the Board lacks jurisdiction over the appellant's whistleblower

---

probationary or trial period. RF, Tab 6 at 10. We find this argument unpersuasive. The Board has held that the 30-day rule applicable to tacking service to determine whether an individual has completed a trial or probationary period does not apply when determining whether prior service may be counted toward the applicable current continuous service requirement under 5 U.S.C. § 7511(a)(1). *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 14 (2011).

[12] In both *Bradley*, 69 M.S.P.R. at 597-99, and *Hayes*, 36 M.S.P.R. at 625, the Board agreed with the rule set forth in *Roden*, but found that it did not apply under the particular facts of the case.

reprisal claims; and (3) absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's other claims of retaliation and discrimination. Final Order at ¶¶ 5-6; PFR File, Tab 8 at 4-5. Accordingly, we adopt these findings herein. For the reasons set forth above, we affirm the initial decision, as modified, to supplement the administrative judge's jurisdictional analysis, and to find that *Roden* and subsequent decisions relying on the "continuing employment contract" theory articulated in *Roden* are no longer good law.

ORDER

¶20     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.