# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH P. CARSON,
           Appellant,

       v.

DEPARTMENT OF ENERGY,
           Agency.

DOCKET NUMBERS
AT-1221-15-0073-W-1
AT-1221-14-0890-W-1

DATE: July 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph P. Carson, Knoxville, Tennessee, pro se.

Ronald Freeman, Oak Ridge, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeals for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to change the basis for the finding that the Board lacks jurisdiction over these appeals, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant, a Facility Representative with the agency, filed two IRA appeals alleging that his supervisor and the Secretary of Energy took personnel actions against him in reprisal for his alleged protected disclosures regarding violations of law by the Office of Special Counsel (OSC) and the Board. *Carson v. Department of Energy*, MSPB Docket No. AT-1221-14-0890-W-1, Initial Appeal File (IAF-I),[2] Tab 1 at 1, 4-5, 14-16; *Carson v. Department of Energy*, MSPB Docket No. AT-1221-15-0073-W-1, Initial Appeal File (IAF-II),[3] Tab 1 at 4-5, 9-11, 20-21. The administrative judge joined the appeals for adjudication. IAF-I, Tab 15 at 1-2; IAF-II, Tab 3 at 1-2.

¶3    The administrative judge issued an order, which set forth the requirements for establishing jurisdiction over an IRA appeal, and ordered the appellant to nonfrivolously allege that he suffered a personnel action. IAF-I, Tab 15 at 2-3. After the appellant responded, the administrative judge dismissed the appeals for

---

[2] "IAF-I" refers to the initial appeal file in MSPB Docket No. AT-1221-14-0890-W-1.

[3] "IAF-II" refers to the initial appeal file in MSPB Docket No. AT-1221-15-0073-W-1.

lack of jurisdiction without holding the hearing requested by the appellant. IAF-II, Tab 15, Initial Decision (ID); *see* IAF-I, Tab 16 at 5-6; IAF-II, Tab 11 at 12-13; IAF-I, Tab 1 at 2; IAF-II, Tab 1 at 7.[4]

¶4       The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review,[5] and the appellant has filed a reply. PFR File, Tabs 4-5. In addition, the appellant has filed two motions for leave to submit additional evidence on review. PFR File, Tabs 6, 8.

¶5       The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail

---

[4] The administrative judge rejected a third IRA appeal that the appellant attempted to file, which identified the President of the United States as the responding agency. ID at 1-2 n.1. On review, it is unclear whether the appellant disagrees with the administrative judge's adjudication of this claim. *See* Petition for Review (PFR) File, Tab 1 at 13. We discern no basis for disturbing the administrative judge's finding that the President of the United States is not an "agency" as defined by the Whistleblower Protection Enhancement Act of 2012 (WPEA) and, therefore, the Board lacks jurisdiction over an IRA appeal against him. *See* 5 U.S.C. § 2302(a)(2)(C) (defining the term "agency" for WPEA purposes to include an executive agency); *see also* 5 U.S.C. § 105 (defining "Executive agency"); *Hartman v. Merit Systems Protection Board*, 77 F.3d 1378, 1381 (Fed. Cir. 1996) (the Board lacked jurisdiction over an IRA appeal against a federal court because it was not an "agency" as defined by the Whistleblower Protection Act (WPA)).

[5] The appellant argues that the agency's response also constitutes a cross petition for review, because the agency raised arguments regarding jurisdictional issues that were not addressed in the initial decision. *See* PFR File, Tab 5 at 4-5, Tab 4 at 6-7; *see also* ID. We disagree. *See* 5 C.F.R. § 1201.114(a)(1), (2) (defining a cross petition for review as a pleading in which a party contends that an initial decision was incorrectly decided in whole or in part).

to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

The appellant failed to exhaust his administrative remedies regarding his alleged protected disclosures of violations of law by the Office of Special Counsel.

¶6     The appellant alleges, and the agency does not dispute, that he exhausted his OSC remedy. *See* 5 U.S.C. § 1214(a)(3)(B); *see also* 5 C.F.R. § 1209.5(a)(2); IAF-I, Tab 1 at 5; IAF-II, Tab 1 at 11; IAF-I, Tab 4 at 9-11; IAF-II, Tab 8 at 9-10. We find, however, that the appellant failed to exhaust his administrative remedies regarding his alleged protected disclosures of violations of law by OSC. To satisfy the exhaustion requirement in an IRA appeal, the inquiry is whether the appellant has "articulate[d] with reasonable clarity and precision [before OSC] the basis for his request for corrective action." *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993). In determining whether a claim was exhausted, we look to the statements an employee made in connection with his OSC complaint, not his later characterization of those statements. *Id.* at 1036. In his pleadings in his Board appeal, and on review, the appellant provides some specifics of the alleged violations of law by OSC. *See* PFR File, Tab 1 at 5-6 n.2; IAF-II, Tab 11 at 7-11. However, in his OSC complaints, he merely listed laws that he alleged that OSC had violated, with no substantive description of the alleged violations or when or how they occurred. IAF-I, Tab 1 at 14; IAF-II, Tab 1 at 20. Accordingly, we find that the appellant failed to establish that he had exhausted his administrative remedies before OSC regarding the more specific disclosures claimed in this appeal. *See, e.g.*, *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006) (to satisfy the jurisdictional requirements of an IRA appeal, a protected disclosure must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters). Concerning the appellant's remaining alleged protected

disclosures, we find that the Board lacks jurisdiction on other grounds, and thus we find it unnecessary to make a determination regarding exhaustion.

<u>The administrative judge erred in finding that the appellant failed to nonfrivolously allege that he suffered a personnel action.</u>

¶7     On review, the appellant alleges that the administrative judge failed to address as a personnel action the chilling effect of the agency's refusal to resolve his complaints regarding OSC and the Board.  PFR File, Tab 5 at 5.  We disagree that the administrative judge did not address this claim.  ID at 4.  Nonetheless, we find that the appellant made a nonfrivolous allegation that he suffered a personnel action.

¶8     "Personnel actions," for purposes of the WPEA, include in pertinent part, any significant change in duties, responsibilities, or working conditions. *See* 5 U.S.C. § 2302(a)(2)(A)(xii); *see also* ID at 3-4.  The appellant alleges on review, as he did below, that the following actions constituted "personnel actions":  (1) the Secretary of Energy's refusal to direct the Office of Legal Counsel (OLC) of the Department of Justice to resolve his whistleblower disclosures against OSC and the Board; and (2) a December 2, 2013 email from his supervisor, which stated that the appellant's concerns regarding OSC and the Board were policy disagreements and his supervisor considered the matter closed. PFR File, Tab 1 at 8, 12-13, Tab 5 at 5; IAF-I, Tab 1 at 4-5, Tab 16 at 5; IAF-II, Tab 1 at 4-5, 10-11, 20-22, Tab 11 at 12.  As to the first alleged personnel action, we agree with the administrative judge that the Secretary of Energy's response to the appellant's concerns regarding OSC and the Board lacks the type of practical consequences that characterize personnel actions under the WPA. *See King v. Department of Health & Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998) (an action must have practical consequences for an employee to constitute a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)).  Likewise, we find that the appellant's generalized assertion on review that the agency's actions had a "chilling effect" is too vague to constitute a nonfrivolous allegation that the

agency took a personnel action against him. *See* PFR File, Tab 1 at 12; *see also Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 388 (1997) (personnel actions include harassment or discrimination that could have a chilling effect on whistleblowing); *Zimmerman v. Department of Housing & Urban Development*, 61 M.S.P.R. 75, 80 (1994) (allegations of "continuing reprisal" and "threats" were too vague to constitute personnel actions); *Godfrey v. Department of the Air Force*, 45 M.S.P.R. 298, 303 (1990) (jurisdiction over an IRA appeal requires more than generalized assertions and fears unsupported by reference to any specific matter).

¶9      However, the administrative judge did not address whether the appellant met his jurisdictional burden regarding the second alleged personnel action. *See* ID. The December 2, 2013 email is part of an email string, which included a November 20, 2013 email from the supervisor, instructing the appellant to refrain from requesting in his official capacity that other agency employees contact the media regarding the agency's alleged failure to resolve the appellant's concerns. IAF-II, Tab 1 at 24. The supervisor stated, "I believe that such actions constitute misconduct and will be subject to disciplinary action." *Id.* A threat of disciplinary action may be a personnel action under the WPEA. *See* 5 U.S.C. § 2302(a)(2)(A)(iii), (b)(8); *see also Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶¶ 6-8 (2002) (finding that a memorandum of warning threatening an appellant with disciplinary action was a personnel action under the WPA).

## The appellant failed to allege that he had a reasonable belief that his disclosure of agency inaction was protected.

¶10      Although the appellant nonfrivolously alleged that he suffered a personnel action, we find that he failed to raise a nonfrivolous allegation that a protected disclosure was a contributing factor in his supervisor's threat of discipline. Specifically, the appellant, an experienced litigant in filing whistleblower claims, failed to raise a nonfrivolous allegation that he reasonably believed that the

Secretary of Energy's purported failure to seek resolution with OLC of his concerns regarding the Board and OSC constituted a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety under 5 U.S.C. § 2302(b)(8).[6]  *See* IAF-I, Tab 1 at 4; IAF-II, Tab 11 at 12, 23-24; *Haley v. Department of the Treasury*, 977 F.2d 553, 557 (Fed. Cir. 1992) (considering an appellant's experience in determining whether he reasonably believed that he disclosed a violation of law, rule, or regulation).

¶11    Although the appellant argues that the agency violated 5 U.S.C. § 2302(c), which provides that agency heads are responsible for preventing prohibited personnel practices, he has identified nothing in that statutory provision that could reasonably be construed as mandating that the Secretary of Energy take the specific actions that the appellant desires.  IAF-II, Tab 11 at 12.  We also do not agree with the appellant that 28 U.S.C. § 512, which enables the head of an executive department to obtain legal opinions from the Attorney General on "law arising in the administration of his department," gives an agency the authority to

---

[6] The appellant appears to suggest that he disclosed a danger to public safety.  PFR File, Tab 1 at 5 (indicating that the appellant is a professional engineer with oversight for nuclear safety); IAF-II, Tab 1 at 25 (alleging that because of alleged violations of law by OSC and the Board, "America is now at an unnecessarily increased risk of nuclear terrorist attack or other catastrophe").  We find any alleged harm only would occur under highly speculative conditions, and therefore the disclosure of its possibility is not protected.  *See Chambers v. Department of the Interior*, 515 F.3d 1362, 1369 (Fed. Cir. 2008).

To the extent that the appellant is alleging that the agency retaliated against him because he disclosed that the Board violated the law by not conducting "special studies" pursuant to 5 U.S.C. § 1204(a)(3), the Board members must recuse themselves from considering this possible allegation.  *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Initial Decision at 2, 5-7 (Nov. 6, 2014) (reflecting that an administrative law judge previously dismissed this claim for lack of jurisdiction); *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Order (Dec. 23, 2014) (the Board's recusal from this issue in a prior appeal); *see* 5 C.F.R. § 1200.3(b); *see also* PFR File, Tab 1 at 5-11; IAF-I, Tab 1 at 13, Tab 11 at 4-5 n.1, 26-28, 32; IAF-II, Tab 1 at 10.

request or obtain such guidance regarding another agency's conduct. *See* IAF-II, Tab 11 at 12; *see also* 5 U.S.C. § 2302(a)(2)(D) (excluding "communications concerning policy decisions that lawfully exercise discretionary authority" from the definition of a protected disclosure under the WPEA).

¶12      Accordingly, we MODIFY the initial decision to find that, although the appellant nonfrivolously alleged that he suffered a personnel action, he did not make a nonfrivolous allegation of a protected disclosure leading to the agency's threat of discipline.

The appellant failed to establish that the administrative judge committed an adjudicatory error that affected his substantive rights.

¶13      On review, the appellant alleges that the administrative judge erred in failing to rule on several of his motions filed below. PFR File, Tab 1 at 12. We agree that the administrative judge erred in failing to rule upon the appellant's motions. *See, e.g.*, *Sommers v. Department of Agriculture*, 62 M.S.P.R. 519, 523 (1994) (an administrative judge erred in failing to rule upon a motion to compel discovery). However, the appellant has failed to demonstrate that these errors affected his substantive rights, and accordingly, they do not establish a basis for granting his petition for review. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶14      For example, although the administrative judge did not rule on the appellant's motion to depose his coworkers, the information sought would not have established that the agency engaged in a personnel action. *See* PFR File, Tab 1 at 12; IAF-II, Tab 13; *see also Stoyanov v. Department of the Navy*, 474 F.3d 1377, 1380-81 (Fed. Cir. 2007) (finding that the alleged personnel action either must be taken or proposed to be taken against the person bringing the IRA appeal). Similarly, although the administrative judge did not rule on the appellant's motion for sanctions, we find that he has failed to demonstrate that

sanctions against agency counsel were warranted,[7] or that the imposition of sanctions would have established jurisdiction over his appeals. *See* PFR File, Tab 1 at 12; IAF-II, Tab 10; *see also Mitchell v. Department of Defense*, 46 M.S.P.R. 154, 161 (1990) (declining to find that the failure to rule on a motion for sanctions was reversible error absent a showing of prejudice). Finally, although the administrative judge did not rule on certain motions requesting that he withdraw from adjudicating the appeals, he already had denied a prior motion requesting withdrawal, which presented the exact same arguments contained in the subsequent motions.[8]  PFR File, Tab 1 at 12; IAF-I, Tab 5, Tab 15 at 3; Tab 16 at 4-5; IAF-II, Tab 5.

The appellant has not shown that the new evidence he submits and desires to submit on review is material.

¶15      The appellant submits on review two documents that he contends constitute new and material evidence:  (1) an October 30, 2014 letter from an attorney regarding the appellant's Professional Engineer license;[9] and (2) a December 10, 2014 letter from the appellant to the U.S. Senate Select Committee on

---

[7] We also DENY the appellant's motion to sanction the agency for allegedly mischaracterizing a published Board decision in its response to his petition for review. *See* PFR File, Tab 5 at 5-6.

[8] To the extent that the appellant intends to challenge the denial of his first motion requesting that the administrative judge withdraw from the appeals, we find that the appellant failed to demonstrate that the administrative judge abused his discretion. *See Shoaf v. Department of Agriculture*, 97 M.S.P.R. 68, ¶ 10 (2004) (analyzing an administrative judge's denial of a motion for recusal under an abuse of discretion standard), *aff'd*, 158 F. App'x 267 (Fed. Cir. 2005).  The appellant argued that the administrative judge should have withdrawn because he could not have objectively evaluated whether the appellant made protected disclosures regarding violations of law by the Board. *See* IAF-I, Tab 5 at 5; IAF-II, Tab 5 at 4-5.  However, the administrative judge did not decide this issue, but instead, dismissed the appeal for lack of jurisdiction on the ground that the appellant failed to raise a nonfrivolous allegation that the agency took or failed to take a personnel action. *See* ID.

[9] This letter is part of the record below, and therefore, it is not new evidence. *See* IAF-II, Tab 11 at 23-25; *see also Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already a part of the record is not new).

Intelligence, discussing his concerns regarding alleged violations of law by OSC and the Board. PFR File, Tab 1 at 12-13, 15-26. In addition, after the record closed on review, the appellant filed two motions seeking leave to submit additional evidence in support of his appeal, including: (1) a January 22, 2015 notice of proposed rulemaking regarding a proposal to amend OSC's regulations; (2) what he characterizes as a "whistleblower disclosure" regarding the notice of proposed rulemaking; (3) a letter from OSC in response to the "whistleblower disclosure"; (4) a letter that the appellant submitted to the Tennessee Board of Architectural and Engineering Examiners concerning a professional misconduct complaint; and (5) a November 25, 2014 email, in which he alleges the agency threatened him with disciplinary action in retaliation for obtaining statements from his colleagues in support of his IRA appeals. PFR File, Tab 6 at 4-5, Tab 8 at 4-5.

¶16        The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. 5 C.F.R. § 1201.115(d); *see Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009). The appellant has failed to demonstrate that the evidence at issue would establish Board jurisdiction over his IRA appeals, and consequently, the evidence is not material to the outcome of his case. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, we will not consider this new evidence, and we DENY the appellant's motions for leave to file additional evidence. *See* 5 C.F.R. § 1201.114(a)(5) (providing that nonstandard pleadings are only accepted on review based on a showing of the nature and need for the pleading).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                   _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.