**Robert L. MELVILLE, Plaintiff-Appellant,**

v.

**CUYAHOGA COUNTY BOARD OF ELECTIONS, Defendant-Appellee.**

No. 71–2004.

United States Court of Appeals, Sixth Circuit.

June 28, 1972.

Raymond T. Sawyer, III, Thompson, Hine & Flory, Cleveland, Ohio, for plaintiff-appellant.

John L. Dowling, Asst. Pros. Atty., Cleveland, Ohio, for defendant-appellee; John T. Corrigan, Pros. Atty., Cuyahoga County, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the dismissal of the plaintiff's (the parties will be referred to as in the court below) complaint challenging the charter provisions of the City of Rocky River, Ohio, which require that the Mayor of the City shall have been a qualified elector and resident for at least three years prior to the date of his election. The complaint recites that on August 4, 1971, Ira N. Forman (Forman), age 19, a resident of Rocky River for more than three years, but a qualified elector for less than three years, filed a declaration of his candidacy for the office of Mayor of Rocky River in the Democratic Primary Election scheduled for September, 1971. He had complied with the charter provisions relating to the necessity for signatures. On August 6, the Board of Elections advised Forman that his name would not be on the ballot because he had not been a qualified elector for three years.

Plaintiff filed this action claiming that the provisions of the charter of the City of Rocky River requiring that a candidate must have been an elector for three years before election violated his Civil Rights and the Equal Protection Clause contained in Amendment 14 to the Constitution of the United States because he was denied the right to vote for the candidate of his choice. The action was dismissed by the District Court by an order entered September 9, 1971.

At the time of the argument of the case in this Court it was conceded by counsel for the plaintiff that the primary and general elections for 1971 had been held (without the benefit of Forman's candidacy). The prayer for relief of the complaint did not request a declaratory judgment, 28 U.S.C.A. § 2201, but requested an injunction to restrain the enforcement of the electorship requirement and to require that Forman be reinstated as a candidate on the Democratic Primary ballot for the office of Mayor of Rocky River. At the time of the hearing in the District Court counsel for the plaintiff stated to the District Judge that Forman was enrolled as a sophomore at Harvard University. On these facts and because of the limited nature of the prayer for relief in the complaint, this Court concludes that the issues presented in this cause are moot.

The appeal is dismissed.