FILED
United States Court of Appeals
Tenth Circuit

April 9, 2025

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA LAMLE, Co-Personal
Representative of the Estate of
Penelope Lamle; LEXY JOBE, Co-
Personal Representative of the
Estate of Penelope Lamle; DAL
HOUSTON, Personal Representative
of the Estate of Maxine Houston,

     Plaintiffs - Appellants,

and

MARILYN GARRISON, by and
through Devra Boyd, next friend and
attorney-in-fact,

     Plaintiff,

v.

SUSAN EADS, individually; KEVIN
CORBETT, CEO of Oklahoma
Health Care Authority, in his
official capacity; and DEBORAH
SHROPSHIRE, Director of
Oklahoma Department of Human
Services,

     Defendants - Appellees.

No. 24-6124

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:22-CV-00391-JD)**
_____

Michael Craig Riffel, Riffel, Riffel & Benham, P.L.L.C. (Katresa J. Riffel with him on the briefs), Enid, Oklahoma, for Plaintiffs-Appellants.

Daniel J. Card, Assistant General Counsel, Department of Human Services, Oklahoma City, Oklahoma (Josh Holloway, Deputy General Counsel, Oklahoma Health Care Authority, Oklahoma City, Oklahoma, with him on the briefs) for Defendants-Appellees.

_____

Before **HOLMES**, Chief Judge, **SEYMOUR**, and **BACHARACH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

Two elderly individuals (Ms. Penelope Lamle and Ms. Maxine Houston) sued based on alleged irregularities in the processing of their Medicaid applications.[1] In their suit, the applicants sought

- an injunction ordering an expedited decision and payment of Medicaid benefits and

- damages from a state official.

The applicants died, and their estates were substituted as parties in the appeal. The claim for an injunction became moot when the agency denied benefits and the applicants died, and the state official can't incur personal liability because she has qualified immunity.

---

[1]    Ms. Marilyn Garrison also sued. But Ms. Garrison's suit isn't involved in the appeal.

2

## Background

### 1. Two individuals apply for Medicaid.

Ms. Lamle and Ms. Houston applied for Medicaid. To be eligible, they couldn't have more than $2,000 in assets. 42 U.S.C. § 1396a(a)(10)(A)(ii)(V); Okla. Admin. Code § 317:35-5-41(a). In reviewing the applicants' eligibility, a state agency (the Oklahoma Department of Human Services) observed that the applicants had loaned money to relatives. So the agency posed questions, allegedly at the direction of an attorney (Ms. Susan Eads).

Ms. Lamle and Ms. Houston refused to answer the agency's questions. After learning of this refusal, Ms. Eads explained to Ms. Lamle why the agency believed that it needed the information. In addition, Ms. Eads allegedly threatened denial of benefits if the agency didn't get answers to the questions.

### 2. The applicants sue, but they die before the district court rules.

Ms. Lamle and Ms. Houston still declined to answer. Instead, they sued, claiming that

- the agencies had taken too long to process the applications and

- Ms. Eads had directed the Oklahoma Department of Human Services to pose impermissible questions and threatened denial of benefits.

While the lawsuit was pending, the applications were denied.

3

The district court entered a judgment for the defendants, dismissing the action with prejudice based on the applicants' failure to state a valid claim. Unbeknownst to the court, however, the applicants had died while the action was pending.

**Discussion**

**1.    The claims against the agencies became moot before the district court ruled.**

In an amended complaint, the applicants requested remedies consisting of an order for the state agencies to

- evaluate their Medicaid applications within 45 days of submission and

- pay the requested Medicaid benefits.

These requests became moot when the agency denied benefits and the applicants died.

If the district court were to require evaluation within 45 days, the relief would not help Ms. Lamle, Ms. Houston, or their estates because the Oklahoma Department of Human Services had denied the applications before the district court ruled. *See Keller Tank Servs. II v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1193 (10th Cir. 2017) (stating that a case is moot if granting relief will not "have some effect in the real world").

Ms. Lamle and Ms. Houston also sought an injunction ordering payment of benefits. But the estates for Ms. Lamle and Ms. Houston

concede that the Eleventh Amendment bars this form of retrospective relief. Appellants' Opening Br. at 2; Appellants' Reply Br. at 14.

On appeal, the applicants' estates changed the desired remedy, seeking a new timely decision without the need to answer the agency's questions. For the newly requested remedy, the estates argue that they can still obtain meaningful relief: an order to reprocess the applications that might result in a voluntary grant of the benefits.

But we consider mootness of the claims asserted in the amended complaint, not theoretical claims that the applicants could have asserted. *See Lancaster v. Sec'y of the Navy*, 109 F.4th 283, 289 (4th Cir. 2024) (stating that "mootness hinges on the type of relief sought" in the complaint). And in the amended complaint, the applicants requested certification of eligibility and timely payment of benefits. Because these requests became moot before the district court ruled, we can't consider the viability of a claim that the applicants might have pleaded instead. *See Harris v. City of Houston*, 151 F.3d 186, 190–91 (5th Cir. 1998) (concluding that the claim in the complaint became moot even though additional relief could remain viable); *Williams v. McClellan*, 569 F.2d 1031, 1032–33 (8th Cir. 1978) (per curiam) (concluding that a claim in the complaint for an injunction against termination became moot when the plaintiff was terminated even though she had argued on appeal that the termination was unlawful); *Melville v. Cuyahoga Cnty. Bd. of Elections*,

5

462 F.2d 486, 487 (6th Cir. 1972) (per curiam) (concluding that a case became moot when the claim for an injunction couldn't yield meaningful relief and the complaint hadn't included a request for a declaratory judgment).

In their reply brief, the estates concede that the applicants "asked for an injunction certifying them eligible for Medicaid benefits with the State of Oklahoma paying those benefits." Appellants' Reply Br. at 12–13. But the estates assert that the applicants "also pled and asked for an injunction preventing [the agencies and their officials] from unlawfully processing and evaluating their Medicaid applications." *Id.* at 13. For this assertion, the estates cite pages 22, 23, 28, and 29 of their appendix. These pages contain no such allegation. To the contrary, these pages contain a request for an injunction that would

- order the agencies "to cease denying Medicaid coverage" to the applicants,

- order the agencies "to certify [the applicants] eligible for Medicaid benefits,"

- order the agencies "to pay Medicaid benefits," and

- order the agencies "to evaluate Medicaid applications within 45 days after receiving Medicaid applications."

Appellant's App'x at 28. These remedies could no longer yield any meaningful relief.

But the claim would remain moot even if we were to consider the possibility that the agencies might voluntarily pay the requested benefits in a new proceeding. A virtually identical argument appeared in *Estate of Schultz v. Brown*, 846 F. App'x 689 (10th Cir. 2021) (unpublished). There the applicant sought a fair Medicaid system, but died during the litigation. *Id.* at 693. The estate argued that the claim hadn't become moot because the applicant had sought only "an impartial and legal review process" rather than certification of eligibility for Medicaid benefits. Appellant's Reply Br. at 6–7, *Est. of Schultz v. Brown*, No. 20-6079 (10th Cir. Sept. 14, 2020); *see also* Appellant's Opening Br. at 31–32, *Est. of Schultz v. Brown*, No. 20-6079 (10th Cir. July 21, 2020) (similar argument). We held that

- the applicant's death had ended the "continuing or impending harm required to pursue prospective relief" and

- the estate had no independent injury that would permit continuation of the suit on behalf of the applicant.

*Est. of Schultz*, 846 F. App'x at 693.

The same is true here, and the factual similarity renders *Estate of Schultz* persuasive. *See Braxton v. Zavaras*, 614 F.3d 1156, 1162 (10th Cir. 2010) (concluding that an unpublished Tenth Circuit opinion was persuasive because its facts were "very similar to the case at bar"). The request for a reevaluation of the Medicaid applications became moot with the deaths of Ms. Lamle and Ms. Houston because their injuries had ended without any chance of reoccurring. *Est. of Schultz*, 846 F. App'x at 695.

And even if the state agencies were to reconsider the applications for Ms. Lamle and Ms. Houston, we couldn't require payment of benefits. Granted, the agencies could voluntarily pay benefits. But the agencies don't need an order to voluntarily pay the benefits. As a result, injunctive relief would no longer benefit the estates.

The resulting question involves the appropriate disposition. The disposition in district court was a judgment of dismissal with prejudice. Because mootness is jurisdictional, however, this dismissal should have been without prejudice. *See Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016). So we remand with instructions to (1) vacate the judgment on the claim for a prospective injunction and (2) dismiss this claim without prejudice. *See id.* (remanding with instructions to vacate a judgment and order dismissal without prejudice because the suit had become moot prior to the district court's final adjudication).

**2.     Ms. Eads enjoys qualified immunity.**

The applicants also sued Ms. Eads in her individual capacity. In the amended complaint, the plaintiffs alleged that Ms. Eads had

- participated in processing the applications,

- told the Oklahoma Department of Human Services to pose impermissible questions, and

- threatened denial of benefits for failing to respond to the questions.

For the sake of argument, we can assume that Ms. Eads had violated the Constitution through these alleged actions.

With this assumption, Ms. Eads urged dismissal based on qualified immunity.[2] To avoid dismissal, the applicants needed to allege facts that would plausibly show the violation of a clearly established right. *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008). A violation would be *clearly established* only if "every reasonable official would understand that what he is doing is unlawful." *Colbruno v. Kessler*, 928 F.3d 1155, 1160–61 (10th Cir. 2019) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (internal quotation marks omitted)). Generally, "[t]he plaintiff must show there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* at 1161.

The estates present no case law or other support, and the applicants didn't allege that Ms. Eads had participated in the decision to deny benefits. Instead, the applicants alleged only that Ms. Eads

---

[2]    The district court didn't discuss the claim against Ms. Eads in her personal capacity. Given the lack of discussion, the estates argue that Ms. Eads can't defend the dismissal based on qualified immunity. The estates are mistaken: Ms. Eads can urge us to affirm based on any ground supported in the record. *GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 882 (10th Cir. 2005).

- had directed the Oklahoma Department of Human Services to ask impermissible questions and

- had told the applicants that a refusal to answer would lead to a denial of benefits.

These allegations don't plausibly indicate the violation of a clearly established right.

The estates rely on *Rose v. Brown*, 14 F.4th 1129 (10th Cir. 2021). But *Rose* held only that a triable fact-issue existed on eligibility for Medicaid. *Id.* at 1131–40. The Court said nothing to suggest that a state official would violate the Constitution by participating in the processing of the applications, directing an agency to ask impermissible questions, or telling applicants that a refusal to answer those questions would result in a denial of benefits. Given the lack of a clearly established constitutional violation, Ms. Eads was entitled to qualified immunity.

\* \* \*

We remand to the district court to (1) vacate the judgment of dismissal with prejudice on the claim for a prospective injunction and (2) dismiss this claim without prejudice based on mootness. For Ms. Eads, however, we affirm the dismissal with prejudice because she is entitled to qualified immunity on the claim for damages.